Donald L. **BONE**, Plaintiff,

v.

The **HIBERNIA BANK** and **Michael Shields**, Defendants.

No. C–72–794.

United States District Court,
N. D. California.
Jan. 30, 1973.

Donald L. Bone, in pro. per.

John L. Hosack, Tobin & Tobin, San Francisco, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

SCHNACKE, District Judge.

Post-judgment motions in this action have been made by both sides. Plaintiff has moved for allowance of attorney's fees and costs and defendants have in effect moved for reconsideration of the Court's opinion filed December 15, 1972, and the judgment entered on December 19, 1972.

■ Plaintiff appeared *in pro. per.* It is well settled that no attorney's fee is allowable in such circumstances. Picking v. Penna. R. Co., 11 F.R.D. 71 (N.D.Pa., 1951), appeal dis'd 201 F.2d 672 (3d Cir., 1953), cert. denied 345 U.S. 1000, 73 S.Ct. 1144, 97 L.Ed. 1406 (1947), rehearing denied, 346 U.S. 843, 74 S.Ct. 18, 98 L.Ed. 363 (1947); Owens v. Modern Loan Company, C. C. H. Consumer Credit Guide ¶ 99,099 (W.D.Ky., 1972).

On further consideration, the Court has determined that plaintiff should, however, be permitted to recover his costs, which shall be settled under L.R. 124.

■ The Court has given careful consideration to the briefs and arguments of defendants with respect to the principal holding in this case, but remains of the opinion that its prior disposition was correct. Defendant strongly emphasizes a publication of the Board of Governors of the Federal Reserve System entitled *What you ought to know about Truth in Lending.* The pamphlet reprints the law and Regulation Z and also contains "outside material" consisting of questions and answers, discussion of various points, some forms, etc. It states at the beginning:

> "Please note that the outside pamphlet material has been stated as simply and clearly as possible. *However, for exact information on what you must do to comply with the law, you must read thoroughly the applicable sections of Regulation Z.*" (Underscored matter in boldface type in the original.)

Even without this *caveat*, the pamphlet lacks the force of law and the Bank was not, as it argues, entitled to rely upon it, at least as against private persons.[1] Cf. Dixon v. United States, 381 U.S. 68, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1965); Adler v. Comm'r, 330 F.2d 91 (9th Cir., 1964).

Defendants' motions are therefore denied.

It is ordered:

1. The opinion filed on December 15, 1972, is modified by striking the last sentence.

2. The judgment entered on December 19, 1972, is amended by striking the first sentence of the last paragraph.

3. Except as ordered above, all pending motions are denied.

---

1. We need not consider its effect in an action by the Government or one of its agencies.