Morris **ROBERTS**

v.

**NATIONAL SCHOOL OF RADIO &
TELEVISION BROADCASTING.**

**Civ. A. No. 18742.**

United States District Court,
N. D. Georgia,
Atlanta Division.

April 25, 1974.

John Harris Paer, of Stack, O'Brien & Neely, Atlanta, Ga., for plaintiff.

John E. Feagin, Jr., of Feagin & Feagin, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This action was brought by Morris Roberts against the National School of Radio and Television Broadcasting under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (hereinafter "TIL") for alleged inadequate credit disclosure. The case is before the court at this time on defendant's objections to the findings of the special master-bankruptcy judge.

In order to pay for the tuition for defendant's school, the plaintiff entered into a credit transaction with defendant and executed an installment note payable to the defendant. On the note there appeared the following statement: "In the event of prepayment, refund of the FINANCE CHARGE will be based on the sum of the digits method, after first deducting an acquisition charge of $———— from the FINANCE CHARGE." The plaintiff based his complaint, in part, upon the contention that the defendant's reference to the rebate method as the "sum of the digits method" did not meaningfully describe the rebate method as required by the TIL. The defendant responded by denying that it has made any improper disclosures and filed a counterclaim for the amount due on the note. Pursuant to the local rules of this court, the case was

assigned to a United States bankruptcy judge acting as a special master, for findings of fact and conclusions of law. Rule 250, Local Court Rules. The master, considering only plaintiff's allegation that the phrase "sum of the digits method" was not a meaningful disclosure, made a recommendation to this court that the plaintiff's motion for summary judgment should be granted. The master also recommended that the defendant's counterclaim was not compulsory and should be dismissed. The defendant objects to both of these proposed rulings. Because of the effect which the master's proposed findings of fact and conclusions of law would have upon local creditors, numerous lending institutions and other businesses which regularly extend credit to consumers have moved the court for leave to file briefs as amici curiae. Leave to so file is GRANTED.

The purpose of TIL is quite clear from its provisions and is explicitly stated in its introduction:

> "It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601.

Although the TIL statute does not specifically require disclosure of the method of rebating finance charges in the event of prepayment of a credit obligation, Regulation Z, promulgated by the Federal Reserve Board pursuant to TIL, does make the following disclosure mandatory:

> "*Identification* of the method of computing any unearned portion of the finance charge in the event of prepayment of the obligation and a statement of the amount or method of computation of any charge that may be deducted from the amount of any rebate of such unearned finance charge that will be credited to the obligation or refunded to the customer." (Em-

phasis added.) 12 C.F.R. § 226.8(b) (7).

Reading the expressed purpose of TIL into the Board's requirement of identifying methods of unearned finance charge rebates, one federal district court in California concluded that the phrase "Rule of 78's" ( a method of rebate similar to "sum of the digits" method) was not a meaningful disclosure and hence in violation of TIL requirements. Bone v. Hibernia Bank, 354 F.Supp. 310 (N.D. Cal.1972), rev'd 493 F.2d 135 (9th Cir. 1974). The case, however, was reversed on appeal to the Ninth Circuit.

The appellate court, like the district court, focused on the meaning to be read in the term "identification" as it is used in 12 C.F.R. § 226.8(b)(7). The court conceded that the term is susceptible of varying interpretations. Identification could mean, as found by the district court, that the method of rebate must be fully explained and described. The term might also mean, however, mere reference to the method by name alone. The court observed that the problem presented was that of the construction to be applied to an administrative regulation issued pursuant to a statutory directive. Accordingly, the court necessarily gave serious consideration to the construction given to the regulation by the agency responsible for its promulgation. Bowles v. Seminole Rock Co., 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). The court noted that the lower court did not have before it an official position by the Federal Reserve Board on the extent of disclosure required under TIL for the method of rebate terms in consumer-commercial paper. However, subsequent to the district court's decision and prior to the Ninth Circuit's review thereof, the Federal Reserve Board issued 12 C. F.R. § 226.818(c), which states in part: "[T]he requirement of rebate 'identification' is satisfied simply by reference by name to the 'Rule of 78's' or other method, as applicable." Noting the strong deference to be afforded an administrative agency's interpretation of the regulations which it promulgates, the

court ruled that the question presented was one which was precisely the kind of policy decision envisioned by Congress when it granted the Federal Reserve Board broad rule-making powers under TIL. The Board's limited disclosure requirement of the terms of rebate method was based on the notion that the mechanics of effecting rebate are too complex to be informative to the consumer. The Board felt that to involve the consumer in attempting to understand how a rebate would be figured might serve only to distract from the more vital credit terms which clearly should be disclosed. The Ninth Circuit found the Board's rationale persuasive.[1]

■ This court is not at all convinced that the methods of rebate termed "sum of the digits" and "Rule of 78's" cannot be intelligently described to the typical consumer. While each of the amici curiae in this case gave rather longwinded and detailed explanations of how the various methods of rebate operate, the court is of the opinion that a short, concise statement on any of the methods is possible. Nonetheless, the mere fact that a credit term can be meaningfully disclosed does not compel disclosure. Nor should this court's opinion of whether a credit term can be disclosed compel as a conclusion of law that the term must be disclosed.[2]

The essential purposes served by TIL are twofold, to enable consumers to compare credit terms and to avoid the uninformed use of consumer credit. 15 U.S.C. § 1601. In addition to granting the Federal Reserve Board the authority typically given to administrative agencies to promulgate regulations designed to "carry out the purposes" of the Act, Congress specifically stated:

"These regulations may contain such classifications, differentiations, or other provisions, and may provide for such adjustments and exceptions for any class of transactions, as in the judgment of the Board are necessary or proper . . . to prevent circumention or evasion [of the TIL], or to facilitate compliance therewith." 15 U.S.C. § 1604.

■ ■ If in the proper exercise of its discretion the Federal Reserve Board determines that a credit term need not be fully explained because to do so would practically subvert the disclosure of other important credit terms, this court will not upset that decision unless it is clearly apparent that the Board has acted in abuse of its discretion and contrary to the purposes of the statute. Philbeck v. Timmers Chevrolet, 361 F.Supp. 1255 (N.D.Ga.1973). The Supreme Court has only recently observed that the authority and expertise which the Federal Reserve Board exerts in developing the enforcement provisions of the TIL is indeed nearly absolute. Mourning v. Family Publications Service, Inc., 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973).

■ Here, the regulation in question was designed to insure that consumer-commercial paper will highlight what the Board considers important credit terms. Regardless of whether this court supposes that the various methods of rebate could be meaningfully disclosed, the agency charged with carrying out the purposes of TIL has ruled that such purposes would not be served by the disclosure. On this basis alone the court can find no justification for upsetting the Federal Reserve Board's determination. The decision of the Board is not

1. *But see* Johnson v. Associates Finance, Inc., 369 F.Supp. 1121 (S.D.Ill.1974), where the court followed the rationale expressed by the lower court in *Bone*. However, the *Johnson* court gave its opinion without the benefit of the Ninth Circuit's decision in *Bone* and without citing the Federal Reserve Board's regulation relative to rebate method disclosure.

2. Indeed, two district courts have impliedly held that, as a matter of law, mere reference by name to a method of rebate is sufficient disclosure under TIL. Kenny v. Landis Financial Group, 349 F.Supp. 939, 946–947 (N.D.Iowa 1972); Richardson v. Time Premium Co., 4 CCH Consumers Credit Guide, ¶ 99,272 (S.D.Fla.1971).

clearly contrary to the purposes of TIL and indeed appears to have been drawn in light of the practical reality of achieving the ends of TIL. Accordingly, the case will have to be resubmitted to the special master for findings of fact and conclusions of law with respect to the plaintiff's allegations of TIL violations which have not as yet been considered.

■ Turning now to the defendant's contention that jurisdiction should be assumed as to its counterclaim, the court is unpersuaded that the master's conclusion of law in this respect was less than correct. The defendant's counterclaim consists solely of a suit on the note for the balance of an outstanding debt. This is purely a question of state law. There is no independent federal jurisdictional basis for the claim. Contrary to the rationale employed by the defendant and one of the amici in this case, a cause of action growing out of an alleged TIL violation does not put the defendant in the position of necessarily asserting his rights to the outstanding indebtedness on the note by way of a compulsory counterclaim pursuant to Rule 13(a), Fed.R.Civ.P. Rule 13(a) states that a counterclaim against an opposing party is compulsory and must be asserted if "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." To this general statement there are exceptions in the rule which are not applicable here. The mainstay of Rule 13(a) is the requirement that the counterclaim arise out of the same "transaction or occurrence" as that giving rise to the opposing party's claim. Four tests have been developed by the courts in attempts to define the perimeters of this "transaction or occurrence" test. They are:

(1) Are the issues of fact and law raised by the claim and counterclaim largely the same?

(2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?

(3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?

(4) Is there any logical relation between the claim and the counterclaim?[3]

■ All of these tests have been the subject of a variety of criticisms.[4] Nonetheless it is generally accepted that in each of the tests an affirmative answer to the question posed would mean that the counterclaim is compulsory.[5] A federal court has ancillary jurisdiction over such a counterclaim regardless of whether there exists independent jurisdictional grounds for the claim. The purpose of ancillary jurisdiction is to enable a court with jurisdiction of the principal action to hear also any ancillary proceedings therein, regardless of the citizenship of the parties, the amount in controversy, or any other factor that would normally determine jurisdiction. Wright, The Law of Federal Courts, § 9 (1970). If the counterclaim is not compulsory, if the claim does not meet any of the tests set forth above, it is merely permissive and need not be asserted. If it is asserted, independent federal jurisdictional grounds will be required to support the claim. Wright, The Law of Federal Courts, § 79 (1970). Here, where the plaintiff's claim is based on a federal statute and there is no diversity of citizenship between the parties, the only possible basis for jurisdiction over a permissive counterclaim would lie in a federal question. Wright & Miller, 6 Federal Practice and Procedure, § 1414 at 76, and cases cited in n. 72 (1970).

3. For a general discussion of these tests *see* Wright & Miller, 6 Federal Practice and Procedure, Civil § 1410 (1970).

4. *Id.*

5. *Id.*

The counterclaim of the defendant in this case fails to meet any of the tests of compulsoriness under Rule 13(a), Fed.R.Civ.P. The plaintiff's claim is that the defendant failed to make certain credit disclosures in a financing agreement in accordance with TIL disclosure requirements. The defendant's counterclaim is for the balance due on the note. The scheme of TIL is to create a species of private attorneys general to participate prominently in the enforcement of the statute. Ratner v. Chemical Bank New York Trust Co., 329 F.Supp. 270 (S.D.N.Y.1971). The avowed purpose of the law is to assure meaningful disclosure of credit terms so that consumers will be able to readily compare available credit terms and thereby avoid the uninformed use of credit. N.C. Freed Co. v. Board of Governors of the Federal Reserve System, 473 F.2d 1210 (2d Cir. 1973). Given the remedial nature of TIL and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of the target of the very legislation under which a TIL plaintiff states a cause of action.

The plaintiff's claim falls within the very narrow scope of a federal statute, the defendant's within the very broad range of state remedies. While both the plaintiff and the defendant state claims arising from the same transaction in the sense that each party is suing because of the other's obligations on the note, the plaintiff's claim is in furtherance of a stated federal legislative policy. The defendant contends simply that plaintiff is in default on a private duty. To permit the defendant to pursue its claim in federal court would unduly complicate the expeditious resolution of TIL litigation. The liability to which a violator of TIL is subject has been characterized as a penalty and a deterrent to activity prohibited by Congress. Mourning v. Family Publications Service, *supra*. To permit the defendant in a TIL action to utilize the proceedings merely as a forum to state grievances against a debtor-plaintiff would be an incongruous result and clearly prejudicial to the plaintiff's claim. Moreover, it would involve the court in questions of absolutely no federal significance.

The defendant's counterclaim is merely permissive.[6] There has been no allegation of independent jurisdictional grounds to support the claim in this court. Indeed, were such grounds to exist the court would order separate trials of the TIL claim and the defendant's action pursuant to Rule 13(i), Fed.R.Civ.P., because of the substantial likelihood of prejudice to the plaintiff's claim. Accordingly, the defendant's counterclaim is hereby ordered dismissed without prejudice.

*Summary*

1. The plaintiff's motion for summary judgment is hereby denied. The Clerk is directed to resubmit the case to

---

6. Prior to today's order, counterclaims similar to that made by the defendant herein were routinely dismissed by the federal courts in this district on the basis of this court's decision in Buford v. American Finance, 333 F.Supp. 1243 (N.D.Ga.1971). *See e. g.*, Russell v. Credithrift of America, C.A. No. 17919 (N.D.Ga., Aug. 3, 1973); Brown v. Commercial Credit Plan, Inc., C.-A. No. 17113 (N.D.Ga., Feb. 2, 1973); James v. First Georgia Bank, C.A. No. 16160 (N.D.Ga., Oct. 20, 1972). *Buford, supra*, dealt with a pendent state claim of the plaintiff and a counterclaim of the defendant for the balance due on the note. Neither side had briefed the issues involved and, without discussion, the court dismissed the claims, refusing in its discretion to exercise jurisdiction over claims involving only questions of state law. The court did state, however, that its decision was based on those considerations relative to the exercise of pendent jurisdiction. *Id.* 333 F.Supp. at 1248.

Pendent jurisdiction is applicable only in the situation where one party seeks to join two causes of action, one derived from the state and the other from federal law. *See, generally*, Wright, The Law of Federal Courts § 19 (1970). In the case at bar, as well as those cases cited above which relied on *Buford*, the situation presented should be dealt with as a permissive counterclaim pursuant to Rule 13, Fed.R.Civ.P.

the special master for findings of fact and conclusions of law with respect to the plaintiff's claims not previously considered.

2. The defendant's counterclaim is hereby dismissed without prejudice.