**Robert Bruce BALL, Plaintiff,**

v.

**CONNECTICUT BANK AND TRUST
COMPANY, Defendant.**

**Civ. A. No. N–74–177.**

United States District Court,
D. Connecticut.

Nov. 11, 1975.

———◆———

David M. Lesser and William H. Clendenen, Jr., New Haven, Conn., for plaintiff.

Robert K. Ciulla and Joseph C. Lee, New Haven, Conn., for defendant.

RULING ON MOTIONS TO DISMISS

NEWMAN, District Judge.

The following ruling adopts the proposed ruling of Magistrate Arthur H. Latimer:

In this civil action grounded in an open-end credit arrangement between the parties, plaintiff's complaint alleges in separate counts defendant's failure to provide truth in lending disclosures, cf. 15 U.S.C. § 1640, and its imposition of a finance charge exceeding that permitted by state law, cf. Conn.Gen.Stat. § 42–133c; defendant has counterclaimed for the balance assertedly due on plaintiff's account, and the reply in turn charges—*inter alia*—violation of § 42–133c as an affirmative defense. With no independent ground of federal subject matter jurisdiction for the wholly state law claims set forth in the complaint's second count and the counterclaim, defendant has moved to dismiss the former and plaintiff the latter. The common question presented is whether the necessary or appropriate consequence of plaintiff's choice of forum under 15 U.S.C. § 1640(e) for the truth in lending claim is this Court's involvement with an attendant debtor-creditor dispute of no federal significance.

 Separately examined, the complaint raises a familiar issue of pendent jurisdiction. The federal court is empowered to hear a state law claim without independent jurisdictional basis but appended to a substantial federal claim if both "derive from a common nucleus of operative fact" and are such that joint resolution would ordinarily be expected, *United Mineworkers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966). Assuming these conditions met, the power's exercise remains discretionary, however, *id.* at 726, 86 S.Ct. 1130, cf. *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800, 809 (2 Cir. 1971), and this Court's experience with an ever-increasing number of truth in lending suits has impelled the considered view that merely pendent state law claims should not be routinely allowed in such cases lest state law questions disproportionately burden the docket, *Solevo v. Aldens, Inc.*, 395 F.Supp. 861, 863–864 (D.Conn.1975). Plaintiffs may gain the presumed benefit of conclusive adjudication in a single forum by advancing truth in lending claims together with state law claims in the state court as of right, cf. 15 U.S.C. § 1640(e), certainly a reasonable course when it is recalled that in Connecticut even the question of federal liability will often turn on application of state truth in lending disclosure requirements, see *Ives v. W. T. Grant Co.*, 522 F.2d 749, pp. 752–754 (2 Cir. 1975), cf. 12 C.F.R. § 226.12(c)(2). Although the federal forum may be at least equally appropriate for pursuit of federal truth in lending remedies, cf. *Ives v. W. T. Grant Co., supra*, at p. 756, Congress could not have intended a concomitant, wholesale federal review of those ordinary state law debtor-creditor contro-

versies lacking jurisdictional foundation in 28 U.S.C. § 1332, see *Solevo v. Aldens, Inc., supra* at 864. The two court systems are simply not functional equivalents; encumbering federal truth in lending litigation with pendent state issues as of course would seem unwarranted imposition upon this Court, cf. *United Mineworkers of America v. Gibbs, supra* at 726–727, and in those commonly encountered instances of novel state law questions would ignore fundamental considerations of comity and fairness strongly counselling authoritative state court determination, *id.* at 726, see, e. g., *Solevo v. Aldens, Inc., supra* at 864–866. There are no "special circumstances" *id.* at 864, warranting retention of the complaint's pendent count here.

If defendant's counterclaim for debt collection stands, however, the basic state law dispute is necessarily at issue in this Court. Indeed, the action's current scope might not be materially altered in that event by dismissal of the complaint's pendent Count II, for limiting that pleading to the federal claim would neither affect plaintiff's reliance on state law as an affirmative defense to the counterclaim, nor abridge his right to raise a counterclaim in the reply, see 3 Moore's Federal Practice ¶ 13.08 at 13–181 (2d Ed. 1974); if plaintiff was actually under a *duty* to set forth the substance of Count II by reply counterclaim, cf. *Semmes Motors, Inc. v. Ford Motor Co.,* 429 F.2d 1197, 1202 (2 Cir. 1970), prior omission of that initially duplicative claim would surely appear excusable, cf. Rule 13(f), Fed.R.Civ.P.

■ The question of ancillary jurisdiction over defendant's state law counterclaim does not neatly correspond to the balancing process involved in assuming or declining to take jurisdiction of the pendent claim. If the debt counterclaim is thought to arise "out of the transaction or occurrence that is the subject matter of the opposing party's claim", Rule 13(a), Fed.R.Civ.P., it is compulsory and therefore entertained even without independent jurisdictional

basis, see, e. g., *United States for the use and benefit of D'Agostino Excavators, Inc. v. Heyward-Robinson Co.,* 430 F.2d 1077, 1081 (2 Cir. 1970), *cert. denied,* 400 U.S. 1021 (1971), 91 S.Ct. 582, 27 L.Ed. 2d 632, to effectuate Rule 13(a)'s design "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters", *Southern Construction Co. v. Pickard,* 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962). The compulsory counterclaim definition itself has long "been broadly interpreted to require not an absolute identity of factual backgrounds for the two claims but only a logical relationship between them", *United Artists Corp. v. Masterpiece Productions, Inc.,* 221 F.2d 213, 216 (2 Cir. 1955), cf. also *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, n. 1 at 469, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974), *Moore v. New York Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750 (1926); mindful of the generous scope given Rule 13(a), see *Waltham Industries Corp. v. Thompson,* 53 F.R.D. 93, 95 (D.Conn.1971), before arriving at the firm policy stance on pendent matters announced in *Solevo* this Court had indicated agreement with the parties' joint assumption in one truth in lending suit that the complaint and debt counterclaim did both stem from a single underlying "transaction or occurrence", see *Pitts v. First New Haven National Bank,* Civil No. 15,943 (D.Conn. Feb. 14, 1975), cf. also *Rodriguez v. Family Publications Service, Inc.,* 57 F.R.D. 189, 193 (C.D.Cal. 1972).

But does federal counterclaim procedure's stress on the value of a single proceeding genuinely compel here a result fundamentally inconsistent with *Solevo's* appropriate policy concern that state issues be decided by the state court?

■ The compulsory counterclaim rule expressly contemplates multiple suits in certain circumstances not present in this case; for example, the counterclaim which might otherwise be thought "compulsory" is sensibly made optional if al-

ready the subject of another pending and earlier-commenced action, as in *Pitts, supra,* cf. Rule 13(a)(1), Fed.R.Civ.P., or when plaintiff's action has been brought *in rem* or *quasi in rem,* cf. Rule 13(a)(2), Fed.R.Civ.P. Multiple proceedings are more generally envisaged and frequently required when the defendant's potential claim against plaintiff for affirmative relief is insufficiently related to the complaint, since such a "permissive" counterclaim "not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim", Rule 13(b), Fed.R.Civ.P., may not be interposed absent independent jurisdictional foundation, see *United States for the use and benefit of D'Agostino Excavators, Inc. v. Heyward-Robinson Co., supra,* 430 F.2d at 1080. Despite traditionally liberal construction of the common "transaction or occurrence" criterion for the compulsory counterclaim, the counterclaim for debt in truth in lending litigation has been held merely permissive in the sole extensive discussion of the matter of which this Court is aware, see *Roberts v. Nat'l School of Radio & Television Broadcasting,* 374 F. Supp. 1266, 1270–1271 (N.D.Ga.1974). While observing rather broadly that the parties could be said to "state claims arising from the same transaction in the sense that each party is suing because of the other's obligations on the note", *id.* at 1271, *Roberts* concluded that the thrust of the two claims was so basically different that such accepted "tests of compulsoriness" as "logical relation" were not met, *id.* at 1270–1271. On reflection, this Court concurs.

Congressional provision of a private suit remedy was intended to facilitate and strengthen enforcement of credit disclosure standards imposed by the truth in lending law, see *Ives v. W. T. Grant, supra,* at pp. 755–756, standards created "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit", 15 U.S.C. § 1601. However significant, the federal enactment represents a very limited federal intrusion into credit matters; a regulated creditor's compliance or noncompliance with the truth in lending disclosure duty typically does "not affect the validity or enforceability of any contract or obligation under State or Federal law", 15 U.S.C. § 1610(d), and disposition of the truth in lending claim in this case has no bearing on the seriously disputed questions posed by the counterclaim. The link is credit extension, a fact established on the face of the pleadings, but the federal claim and state counterclaim do not stand on common ground when realistically assessed; the critical legal inquiry into each "half" of the controversy is so distinct that the parties' disputes are actually fragmented whether pursued through two actions or as separate aspects of one. In these circumstances, wooden application of the common transaction label does not yield real judicial economy; any perceived logical nexus is conceptual, abstract, a formal characterization rather than a recognition of concrete advantage to be achieved through single forum adjudication of all the parties' opposing claims. Even if inappropriate to weigh in the balance those policy considerations against federal court intervention, but cf. *Local No. 11 I.B.E.W. v. G. P. Thompson Electric, Inc.,* 363 F.2d 181 (9 Cir. 1966), in examining the state law counterclaim for purposes of Rule 13 this Court need not disregard the crucial factor of practical importance that the truth in lending complaint and debt counterclaim lack any shared realm of genuine dispute. In this Court's opinion, the counterclaim is properly ruled permissive.

The pending motions to dismiss for lack of jurisdiction are accordingly granted.

So ordered.