Della JONES, Individually and on behalf
of all others similarly
situated, Plaintiff,

v.

SONNY GERBER AUTO SALES,
INC., Defendant.

Civ. No. 76–0–122.

United States District Court,
D. Nebraska.

Aug. 14, 1976.

David A. Jacobson, Omaha, Neb., for plaintiff.

James A. Hogan, Omaha, Neb., for defendant.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court upon the plaintiff's motion to dismiss the defendant's counterclaim. The complaint alleges nondisclosures and excessive charges in violation of the Truth-in-Lending Act, 15 U.S.C. §§ 1601 *et seq.* and Federal Reserve Regulation Z, 12 C.F.R. 226, by the defendant, a Nebraska Corporation which extends credit in connection with the sale of its automobiles. The plaintiff has sued on be-

half of herself and all others who have entered into consumer credit transactions with the defendant in the last year to whom the requisite disclosures were not made.

■ The defendant has submitted a counterclaim against the named plaintiff to collect for damage to a repossessed automobile purchased from the defendant in the kind of credit sale which is the subject of the complaint. The counterclaim raises issues of state law only, and the record reveals no independent basis for federal jurisdiction. Therefore, federal jurisdiction exists for the counterclaim only if it is compulsory within Fed.R.Civ.P. 13(a). As the doctrine of ancillary jurisdiction does not apply to permissive counterclaims within Fed.R.Civ.P. 13(b), those without independent grounds for federal jurisdiction should be dismissed. C. Wright, *Law of Federal Courts* § 79 at 351 (1970) and cases cited therein.

■ A number of reported decisions discuss the precise question before this Court: whether a defendant's action, wholly founded in state law, to collect a debt arising out of a credit sale, is to be considered a compulsory counterclaim because its basis is the same credit transaction alleged by the plaintiff to violate the Truth-in-Lending Act. *Agostine v. Sidcon Corp.,* 69 F.R.D. 437 (D.C.1975); *Ball v. Conn. Bank and Trust Co.,* 404 F.Supp. 1 (D.C.1975); *Roberts v. Nat'l. School of Radio and Television Broadcasting,* 374 F.Supp. 1266 (D.C.1974). In addition, the plaintiff has referred the Court to four unreported opinions discussing the identical issue. *Hunter v. Gen. Fin. Corp.,* C–75–0178–L(B) (W.D.Ky., Jan. 8, 1976); *Shriver v. Sears, Roebuck and Co.,* C.A. No. 75–676 (W.D.Pa., Jan. 16, 1976); *Bloomer v. Household Consumer Discount Co.,* C.A. No. 75–1023 (W.D.Pa., Jan. 19, 1976); *Buehler v. Citizens Fidelity Bank and Trust Co.,* No. C–75–0125–L(B) (W.D. Ky., March 2, 1976).

In these decisions, the courts applied widely accepted guidelines to determine whether counterclaims were compulsory or permissive, and uniformly dismissed such counterclaims for debt collection as permissive in suits based on the Truth-in-Lending Act. Applying those standards to the present case, the counterclaim is revealed as permissive, and lacking a basis for federal jurisdiction, it should be dismissed.

The issues of fact and law raised by the complaint and counterclaim are dissimilar. Moreover, substantially different kinds of evidence would be presented to prove the claims. The complaint turns on whether or not specific charges and interest costs were imposed on the plaintiff without accurate disclosure. The counterclaim raises the full range of the parties' contractual obligations and asks the Court to decide whether in violation of purely private duties the plaintiff caused damage to the automobile, as well as whether defenses based on contract law affect the validity of the underlying debt obligation.

■ For the same reasons and because of this Court's decision that the counterclaim is not compulsory, the doctrine of res judicata would not bar a subsequent assertion of the defendant's claim in a state court.

Finally, the two claims are not "logically related." One involves the limited scope of federal legislation designed to deter misleading practices by lenders and to provide a basis for meaningful comparison of credit terms by consumers. The other alleges breach of a private contractual duty and would "involve the court in questions of absolutely no federal significance." See *Roberts v. Nat'l. School of Radio and Television Broadcasting, supra* at 1271.

The cases are not entirely in accord on this issue.[1] In *Kenney v. Landis Financial Group, Inc.,* 376 F.Supp. 852 (N.D.Iowa 1974), the plaintiff charged a lending institution with violations of the Truth-in-Lending Act, and the defendant submitted a counterclaim for the payments due on a note. While the Court deemed the counterclaim compulsory within Fed.R.Civ.P. 13(a), it did not address any of the arguments for

---

1. *See also* cases cited in 45 L.W. 2029 (July 20, 1976).

or against this conclusion. This Court considers the reasoning of the line of cases beginning with *Roberts v. Nat'l. School of Radio and Television Broadcasting, supra,* far more persuasive.

Defendant next asserts that if its counterclaim is permissive, it should still be allowed to assert the claim defensively as a set-off. While some courts have ruled that a set-off requires no independent jurisdictional basis, in order to qualify as a valid set-off the claim must be liquidated and grow out of a contract or judgment. See *Marks v. Spitz,* 4 F.R.D. 348, 350 (D.C.Mass. 1945); *Wigglesworth v. Teamsters Local Union No. 592,* 68 F.R.D. 609, 613 (E.D.Va. 1975). In this case, the damages which the defendant seeks on the basis of its counterclaim are not liquidated nor capable of liquidation without the aid of evidence at trial. Therefore, the claim may not be asserted as a set-off in this action.

IT IS THEREFORE ORDERED that the plaintiff's motion to dismiss the defendant's counterclaim is granted.