**Versie P. GAMMONS, Plaintiff,**

v.

**DOMESTIC LOANS OF WINSTON-SA-LEM, INC., Defendant.**

**No. C–76–179–WS.**

United States District Court,
M. D. North Carolina,
Winston-Salem Division.

Dec. 8, 1976.

David B. Hough, Winston-Salem, N. C., for plaintiff.

Richard M. Pearman, Jr., Greensboro, N. C., for defendant.

## MEMORANDUM ORDER

WARD, District Judge.

This matter came before the Court on the plaintiff's motions to dismiss the counterclaim and to amend the complaint and on the defendant's motions to dismiss for failure to state a claim upon which relief can be granted and for summary judgment. Jurisdiction is based on the Truth in Lending Act, 15 U.S.C. § 1640(e). After considering the motions, the supporting briefs, the official record, and the arguments of counsel, the Court finds for the reasons which follow that the plaintiff's motions should be allowed and the defendant's motions should be denied.

### I. Plaintiff's Motion to Dismiss Defendant's Counterclaim

On April 15, 1976, the plaintiff commenced this action alleging that the defendant had failed to make proper or adequate disclosures as required by the Truth in Lending Act, 15 U.S.C. § 1601, et seq., and Federal Reserve Regulation Z, 12 C.F.R. § 226. The defendant filed a counterclaim asserting that the plaintiff had defaulted on the loan and therefore was indebted to the defendant for the balance outstanding.

The Truth in Lending Act establishes federal jurisdiction for the plaintiff's cause of action. 15 U.S.C. § 1640(e). In contrast, the counterclaim as a debt collection action rests solely on grounds of state law and has no independent basis for federal jurisdiction. *Zeltzer v. Carte Blanche Corp.*, 414 F.Supp. 1221 (W.D.Pa.1976); *Jones v. Sonny Gerber Auto Sales, Inc.*, 71 F.R.D. 695 (D.Neb.1976); *Agostine v. Sidcon Corp.*, 69 F.R.D. 437 (E.D.Pa.1975); *Ball v. Connecticut Bank and Trust Co.*, 404 F.Supp. 1 (D.Conn.1975). To be recognized by the federal courts, the defendant's debt

collection action, in the absence of an independent basis for federal jurisdiction, must constitute a compulsory counterclaim under Rule 13(a), Federal Rules of Civil Procedure. *Moore v. New York Cotton Exchange,* 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926); 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1414 (1971). If the counterclaim is permissive, it must be dismissed for lack of jurisdiction.

■ The courts have applied four tests in determining whether a counterclaim is compulsory. These tests have been enunciated as follows:

(1) Are the issues of fact and law raised by the claim and counterclaim largely the same?

(2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?

(3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?

(4) Is there any logical relation between the claim and counterclaim?

*Cf.* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1410 (1971); *Great Lakes Rubber Corporation v. Herbert Cooper Co.,* 286 F.2d 631 (3rd Cir. 1961).

■ Applying these guidelines to the instant case, the counterclaim is deemed permissive and therefore must be dismissed without prejudice. Although the claim and counterclaim arise from the same underlying business transaction, each raise issues of fact and law starkly different. The plaintiff's claim relates to the application of the Truth in Lending Act and focuses on a narrow proof of facts dealing with disclosures made or not made by the defendant at the consummation of the consumer credit transaction. On the other hand, the defendant's counterclaim encompasses a private duty under state law and requires a broad proof of facts establishing the existence of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff, and monetary damages resulting from the breach. Therefore, the plaintiff's claim and the defendant's counterclaim are not supported by substantially the same evidence, and the resolution of the plaintiff's Truth in Lending claim will not be res judicata for the defendant's state law based debt collection action.

■ While there appears to exist a logical relationship between the two claims, a precise examination undertaken in light of the different facts and law relevant to the separate claims reveals that the relationship is more illusory than real. While not controlling on this determination, the Court is not unmindful of the increased workload a contrary decision would produce and affirms resolutely that the federal judiciary is a limited jurisdictional forum.

In dismissing the defendant's counterclaim, the Court is well aware of decisions which reach a contrary result. *Mims v. Dixie Finance Corp.,* 426 F.Supp. 627 (N.D. Ga.1976); *Rollins v. Sears, Roebuck and Co.,* 71 F.R.D. 540 (E.D.La.1976); *Berkman v. Sinclair Oil,* 59 F.R.D. 602 (N.D.Ill.1973) (dictum). However, upon full review of all the law the Court finds the majority view more persuasive. *Zeltzer v. Carte Blanche Corp., supra; Jones v. Sonny Gerber Auto Sales, Inc., supra; Agostine v. Sidcon Corp., supra; Ball v. Connecticut Bank and Trust Co., supra; Buehler v. Citizens Fidelity Bank and Trust Co.,* C–75–0125–L(B) (W.D.Ky., Mar. 2, 1976); *Bantolina v. Aloha Motors, Inc.,* C–75–0295 (D.Hawaii, Jan. 7, 1976); *Bloomer v. Household Consumer Discount Co.,* C–75–1023 (W.D.Pa., Jan. 19, 1976); *Shriver v. Sears, Roebuck and Co.,* C–75–676 (W.D.Pa., Jan. 16, 1976); *Hunter v. General Finance Corp. of Virginia,* C–75–0178–L(B) (W.D.Ky., Jan. 8, 1976); *Roberts v. National School of Radio & Television Broadcasting,* 374 F.Supp. 1266 (N.D.Ga. 1974); *cf. Solevo v. Aldens Corp.,* 395 F.Supp. 861 (D.Conn.1975).

## II. *Plaintiff's Motion to Amend the Complaint*

■ The plaintiff attached a copy of a document entitled "Loan Disclosure Statement" as Exhibit B to the complaint. The bottom of that document carried the words "Customer Copy." The plaintiff alleged in

the complaint and the defendant admitted in the answer that this document was a copy of the one furnished by the defendant to the plaintiff during the course of the transaction. On June 2, 1976, the defendant filed a brief to which was attached as Exhibit B a copy of the same document entitled "Loan Disclosure Statement," which was denoted at the bottom as "Lender's Copy." A statement relating to the security interest in after-acquired property appeared on the "Customer Copy" but had been x'ed out on the "Lender's Copy."

On June 24, 1976, the plaintiff moved for leave to amend the complaint pursuant to Rule 15(a), Federal Rules of Civil Procedure. She alleged that the above-mentioned discrepancy existed between the "Customer Copy" and the "Lender's Copy" of the "Loan Disclosure Statement." The plaintiff further asserted that she first became aware of the discrepancy upon receipt of the defendant's brief on June 2, 1976. She therefore moved to add to the complaint an additional paragraph which reads as follows:

8. (k) The copy of the Loan Disclosure Statement furnished to the Plaintiff by the Defendant was not a duplicate of the instrument by which the required disclosures were allegedly made in violation of 15 U.S.C. Section 1638 and 12 C.F.R. 226.-8(a).

In view of the circumstances of this case and the guidance of Rule 15(c), Federal Rules of Civil Procedure, requiring that leave to amend be freely given when justice so requires, the motion to amend must be allowed.

### III. Defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted

The defendant argues that the plaintiff's action is barred by the statute of limitations because the period of time between the consummation of the transaction on April 16, 1975, and the filing of this action on April 15, 1976, was 366 days, one day in excess of a year which is composed of 365 days. The extra day resulted because 1976 was a leap year and therefore the month of February contained 29 days rather than the usual 28 days.

The pertinent provision of the Truth in Lending Act provides that "[a]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The term "one year" must be read to mean a calendar year, which during a regular year totals three hundred and sixty-five (365) days and during a leap year totals three hundred and sixty-six (366) days. Furthermore, the defendant's argument erroneously assumes that the day the violation occurred would be included in the computation of "one year." In computing time, federal courts follow Rule 6(a), Federal Rules of Civil Procedure, which states that "the day of the act, event, or default from which the designated period of time begins to run shall not be included." Therefore, in the instant case the plaintiff filed her action on the three hundred and sixty-fifth day. The plaintiff's action is not barred by the statute of limitations.

### IV. Defendant's Motion for Summary Judgment

The Court is of the opinion that genuine issues of material facts are in controversy at this time and, therefore, the defendant's motion for summary judgment must be denied. Following discovery, however, it may well be that cross motions for summary judgment will be appropriate.

It is, therefore, ORDERED that:

(1) The plaintiff's motion to dismiss the defendant's counterclaim be, and the same hereby is, allowed, without prejudice to filing an independent action in the proper state court.

(2) The plaintiff's motion to amend the complaint be, and the same hereby is, allowed.

(3) The defendant's motion to dismiss for failure to state a claim upon which relief can be granted be, and the same hereby is, denied.

(4) The defendant's motion for summary judgment be, and the same hereby is, denied, without prejudice, however, to filing such a motion if warranted at the conclusion of discovery.