Uthia L. MALBY, Plaintiff,

v.

GENERAL ELECTRIC CREDIT CORP., Defendant.

No. C 72–770.

United States District Court, N. D. Ohio, E. D.

Oct. 23, 1973.

Mark Schlachet, Cleveland, Ohio, for plaintiff.

Robert J. Hoerner and Michael A. Nims, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

The issue before the Court is the propriety of certifying a class action in this suit brought for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (the "Act"), and the regulations promulgated thereunder.

The suit is based on a form credit agreement which is provided by defendant, a finance company, to furniture dealers who execute the agreement with the customer to finance the purchase of furniture and forward the agreement to defendant, which then extends credit to the customer. Plaintiff claims that the form agreements omit required disclosures, including the identity of the creditor, the amount of the finance charge, the total amount of the payment, and the amounts of insurance and other costs in violation of 15 U.S.C. § 1638 and 12 C.F.R. §§ 226.6(d), 226.8(b) and (d). Plaintiff requests injunctive relief and damages pursuant to 15 U.S.C. § 1640.

Plaintiff seeks to represent a class of all persons who entered into credit transactions in which defendant was the extender of credit during the year ending on July 29, 1972[1] and eventually paid a finance charge pursuant to the agreement and whose agreement was executed on forms substantially identical to that used for plaintiff. The class as defined would include about 26,000 persons.

In another suit pending before this Court, the Court considered the general policy questions discussed by other courts with regard to certifying classes in Truth in Lending Act cases. The decision in that case, Turoff v. Union Oil Company of California, is reported at 61 F.R.D. 51. As is discussed more fully in Turoff, the first consideration is

---

1. Plaintiff apparently misstated the date on his motion and corrected it to read July 29, 1972, in his reply brief.

whether class certification is a necessary prequisite to enforcement of the Act. If class certification is not necessary to achieve enforcement in a particular suit, the Court will adopt a cautious approach to class certification in light of the potential for misuse and will certify the class only if the certification will improve the efficiency of the judicial disposition of damage claims.

In this case, class certification is necessary to achieve the purposes of the Act. Defendant continues to use form agreements which contain those alleged defects which are the subject of this suit. The enforcement agency under the Act, the Federal Trade Commission, entered into a consent agreement with defendant in 1970 with regard to certain disclosures. 4 [CCH]CCG ¶99.657. However, plaintiff claims that additional defects in the credit agreement remain unresolved. In order to induce the changes requested in defendant's policy, it will be necessary to procure injunctive relief applying to all members of the class.

In light of the necessity of class certification to the relief requested, the Court does not view any of the problems presented in terms of fair adjudication and judicial efficiency as insurmountable. Plaintiff's case at trial will involve substantially the same questions of law and fact for all members of the class, because the suit is based entirely on the written form agreements signed by all members. In addition, liquidated damages under the Act are easily calculated, since they are twice the finance charge except that they shall not be less than $100 or more than $1,000. 15 U.S.C. § 1640.

Defendant's case will, however, present certain individual questions with respect to any compulsory counterclaims it may have against class members which arise out of the same transaction. Rule 13, Federal Rules of Civil Procedure; Cotchett v. Avis Rent-a-Car System, 56 F.R.D. 549 (S.D.N.Y.1972); Berkman v. Sinclair Oil Corp., 59 F.R.D. 602 (N.D.Ill.1973); Lah v. Shell Oil Co., 50 F.R.D. 198, 200 (S.D.Ohio 1970). Defendant claims that it may have compulsory counterclaims against as many as 3,000 class members. Even after reference to a master under Rule 53(b) of the Federal Rules of Civil Procedure, the trial of the counterclaims will be time-consuming. At the same time, the Court does not find the presence of the counterclaims alone to be sufficient to preclude the certification of the class when injunctive relief is required.

■ The next difficult problem relates to the problems of notice. The suit has characteristics of both a Rule 23(b)(2) class and a Rule 23(b)(3) suit, because plaintiff seeks both injunctive relief and damages. In order to permit prospective class members to opt out of the class insofar as the determination of damages is concerned, the Court concludes that individual notice will be necessary. Eisen v. Carlisle & Jacquelin, 479 F.2d 1005 (2d Cir. 1973), cert. granted 414 U.S. 908, 94 S.Ct. 235, 38 L.Ed.2d 146 (1973). Since the class will include all persons who signed and incurred a finance charge under defendant's form agreement, the data needed for determining class members will apparently be available either from the computer or computer print-out sheets and reference to individual files will be unnecessary for notice.[2]

■ Although the cost of giving notice does not appear to be disproportionate to the importance of the suit and the relief sought, the defendant correctly argues that cost should be born initially by plaintiffs. Plaintiff has not indicated whether he would be willing to bear

---

**2.** There is a dispute with respect to the difficulty of finding out of the finance charges paid in order to prove damages. If researching the finance charges proves later in the suit to require costs which are out of proportion to the recovery, the Court may modify this order and certify the class only with respect to the injunctive relief requested. Rule 23(d), Federal Rules of Civil Procedure.

the costs initially. If he is not willing to do so, this action cannot proceed under Rule 23(b)(3) for damages. Buford v. American Finance Co., 333 F.Supp. 1243, 1240 (N.D.Ga.1971); Eisen v. Carlisle & Jacquelin, *supra*.

In summary, the Court is cognizant, as is discussed more fully in the *Turoff* opinion, that many courts have ruled class actions to be inappropriate for suits brought under the Truth in Lending Act. Those courts denying class actions apparently fear the onerous burdens which will be imposed on the courts in suits to collect minimal damages for "technical" violations of the Act. However, the rationales of those decisions are inapplicable in this case where the claimed damages are not minimal and the violations alleged reach legal questions at the very heart of the Truth in Lending Act.

The Court therefore grants plaintiff's motion for certification of the class as defined above under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure and orders plaintiff to submit a plan for individual notice to be administered at his initial cost within fifteen days of the date of this order.

It is so ordered.