John SARAFIN and Eleanor Sarafin, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

SEARS, ROEBUCK AND COMPANY, INCORPORATED, Defendant.

No. 74 C 2957.

United States District Court, N. D. Illinois, E. D.

Jan. 10, 1977.

Robert Gonnella, Elmhurst, Ill., Philip F. Ignarski, Oak Forest, Ill., Ralph J. Gonnella, Providence, R. I., for plaintiffs.

Peter D. Kasdin, Arnstein, Gluck, Weitzenfeld & Minow, Chicago, Ill., for defendant.

## MEMORANDUM DECISION

MARSHALL, District Judge.

Plaintiffs John and Eleanor Sarafin bring this action against Sears, Roebuck and Company, Incorporated (Sears) for alleged violations of the Truth in Lending Act (the Act), 15 U.S.C.A. § 1631 and 12 C.F.R. § 226.8 (1974). Jurisdiction is based on 15 U.S.C.A. § 1640(e) (1976) and 28 U.S.C. § 1337 (1970). Plaintiffs now move to certify this proceeding as a class action pursuant to Fed.R.Civ.P. 23(b)(1) or (b)(3).

Plaintiffs allege that Sears failed to disclose the annual percentage rate of the finance charge on its monthly billing statements, and they request statutory damages. Actual damages are not claimed. They ask us to certify a class consisting of all Illinois residents who have obtained consumer credit under Sears' Easy Payment Modernizing Credit Plan within one year previous to the filing of this suit.

The size of this class is not known. Defendant's answers to interrogatories estimate it at 341,190 persons, but plaintiffs question this figure, arguing that Sears has improperly included persons who obtained credit for commercial, not personal, uses, and who are not covered by the Act. Plaintiffs also allege that the violations in question would not have occurred in all 341,190 accounts because Sears omitted the required information only when the accounts were inactive, that is, when they contained no monthly balance. Thus, the plaintiffs argue that the class cannot be as large as defendant's estimate, but they are unable to provide a more accurate figure.

To maintain this suit as a class action, the plaintiffs must fulfill the requirements of Rule 23(a). Under section (a)(1), we find first that a class approximating 300,000 persons is too numerous for joinder. Secondly, as required by Section (a)(2), the members of this class are affected by common questions of law or fact because all persons who participated in Sears Easy Payment Modernizing Credit Plan received monthly statements which must conform to the disclosure standards of the Truth in Lending Act and its regulations. The third requirement of Rule 23(a) is satisfied because the claims of John and Eleanor Sarafin are typical of those persons who received the monthly statements which allegedly violate the Act.

The parties join issue over subsection (a)(4) of Rule 23, which requires that the representative parties fairly and adequately protect the interest of the class. The defendant notes that under the Truth in Lending Act as amended, recovery of statutory damages by a class is limited to $100,000 or one per cent of the defendant's net worth.[1] If the present class which contains over 300,000 is certified and proves to be successful in this action, each member will receive approximately thirty cents. Since each of those parties would have received between $100 and $1000 if they had successfully brought individual actions, the defendant argues that they cannot be adequately represented in a class of this size.

---

1. In the present case, the $100,000 measure would be applied.

Before responding to defendant's argument, we must briefly review the history of the limitation on class action recovery of statutory damages. As originally passed, the Truth in Lending Act fixed a minimum recovery of $100 per individual for statutory damages with no limit on the total recovery by a class. Courts were reluctant to certify large classes because if a defendant was found liable, an award of $100 to each of several hundred thousand plaintiffs could bankrupt the defendant. Some courts refused to certify classes and held that this was too severe a punishment for a technical violation of a complex scheme of statute and regulations. *Ratner v. Chemical Bank New York Trust Company*, 54 F.R.D. 412 (S.D.N.Y.1972). To prevent this result, Congress amended the Act in 1974 to limit the total recovery of statutory damages by a plaintiff class to $100,000 or one per cent of the defendant's net worth and to waive the $100 minimum award for individual members of the class. 15 U.S.C.A. § 1640(a)(2)(B) (1974). This provision has since been amended by the Consumer Leasing Act of 1976, 90 Stat. 257, to read, "the lesser of $500,000 or one per centum . . . ."

These amendments corrected the problem which barred certification in *Ratner*, but they created the problem which now faces us. Even if the plaintiffs can recover to the amended limit of $500,000, each class member will receive only a fraction of the amount he might obtain as an individual plaintiff. The defendant urges that, considering this drastic reduction in the class members' awards, their representation by the named plaintiffs cannot be adequate for purposes of Rule 23(a)(4).

Although this argument identifies a serious flaw in the Act as amended, it does not bar certification of this class. As a precedent, it would prevent certification in all Truth in Lending cases in which the class, although otherwise manageable, was too large. Large classes are typical in Truth in Lending cases, because creditors often have

hundreds of thousands of customers within a single jurisdiction. For these creditors the threat of a class action has a potent deterrent effect. Eliminating that deterrent for all large cases would emasculate the enforcement provisions of the Act. Since this would be the result of adopting defendant's argument, we must decline to take that step. Our disposition of this issue is supported by the legislative history of the Act and its amendments. The Senate Report on the Consumer Leasing Act of 1976 [2] states:

The chief enforcement tool will continue to be private actions for actual damages and civil penalties. . . . The *risk* of any ceiling on class action recoveries is that, if it is too low, it acts as a positive disincentive to the bringing of such actions and thus frustrates the enforcement policy for which class actions are recognized. . . .

The Committee wishes to avoid any implication that the ceiling on class action recovery is meant to discourage use of the class action device.

Senate Report No. 94–590, 94th Congress, 2d Session 8, reprinted in 1976 U.S.Code Cong. and Ad.News, at 438.

The disadvantage to the class members which certification seems to cause is alleviated by the exclusion procedure of Rule 23(c)(2). Under that subsection, each class member must receive notice of the litigation which advises him of his right to be excluded from the class. In this case, the notice must clearly inform the potential class member that he may have a right of recovery against Sears, that he may pursue his rights separately from the class, but that if he joins the class his prospects for recovery will be drastically reduced. A similar use of the exclusion process was approved in *Goldman v. First National Bank*, 532 F.2d 10 (7th Cir. 1976). That case presented a question as to the representative plaintiff's authority to choose between alternative measures of damages when his choice would bind the class. The

**2.** The Consumer Leasing Act of 1976, Pub.L. No. 94–240, § 185, (90 Stat. 257), amended

Section 130 of the Truth in Lending Act, 15 U.S.C.A. § 1640 (1976).

court did not consider the possibility that one choice might be more favorable to some members of the class than others an obstacle to certification, and it stated, "Fairness to the members of the class is, of course, ensured under the notice requirements of Rule 23(b)(3) which would allow those who wish to pursue their individual remedy to opt out of the class." 532 F.2d at 16. In the present case, the exclusion provision of Rule 23 will insure fairness to those potential plaintiffs dissatisfied with the reduced recovery the class members will receive.

Finally, under Rule 23(b)(3), we find that common questions of law or fact predominate over questions affecting individual members, and that a class action is superior to other methods of adjudicating this controversy.

In a Supplemental Memorandum, the defendant argues that the representative parties cannot adequately represent the class if they receive a smaller recovery in a class suit than if they had brought suit individually. As authority, defendant cites *Rollins v. Sears*, (E.D.La.1976) 71 F.R.D. 540, in which the court denied certification of a class "without some adequate explanation for plaintiff's altruism" in choosing to represent a class when he could have recovered more by suing individually. Absent some evidence of impropriety (which is not present in this case), we do not require an explanation of plaintiffs' choice of a more effective deterrent to a creditor over greater personal gain for themselves.

A class will be certified in accord with the views herein expressed upon presentation of an order and notice.