UNITED STATES of America, Plaintiff,

v.

INTERLAKE, INC., Defendant.

No. 76 C 3599.

United States District Court,
N. D. Illinois, E. D.

June 6, 1977.

Samuel K. Skinner, U. S. Atty., Thomas G. Dent, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

W. Gerald Thursby, Laurence A. McHugh, Rooks, Pitts, Fullagar & Poust, Chicago, for defendant.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on plaintiff's motion for reconsideration of this court's memorandum and order of February 11, 1977. For the reasons hereinafter stated, the motion shall be denied.

On February 11, 1977, this court entered a memorandum and order which *inter alia* granted defendant's motion to stay these proceedings brought pursuant to the Clean Air Act, 42 U.S.C. § 1857 *et seq.* Thereafter, on April 4, 1977, plaintiff moved this court to reconsider that portion of the order granting the stay. Three errors are claimed.

First, plaintiff suggests, as it had in its previous memorandum in opposition to defendant's motion for a stay, that abstention is improper when the basis of jurisdiction is 28 U.S.C. § 1345. The court, however, remains convinced that this position is untenable and that abstention may be proper even though the basis of jurisdiction is this federal statute. *Cf. Leiter Minerals, Inc. v. United States,* 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957). Plaintiff's additional argument that it is seeking to enforce its own laws is not significant on this record.

Second, plaintiff contends, for the first time in its motion for reconsideration, that there is no likelihood that the issue of the vagueness of Rule 203(d)(6)(B)(ii)(bb) ("Rule 203") will be mooted or significantly altered by the interpretation given this rule

by the Illinois Pollution Control Board ("IPCB") and that abstention is therefore inappropriate. The court has difficulty with this argument. In its memorandum in opposition to defendant's motion for a stay, plaintiff stated that defendant was attempting to have the IPCB determine the constitutionality of Rule 203 in the first instance and that such a determination was the responsibility of this court. (Plaintiff's Memorandum in Opposition at 11). It now appears that plaintiff is suggesting that the IPCB's interpretation can have no constitutional significance here.

 It may be true, as plaintiff maintains, that a variance granted defendant by the IPCB will have no impact upon plaintiff in the enforcement proceedings before this court. *Train v. Natural Resources Defense Council, Inc.*, 421 U.S. 60, 92, 95 S.Ct. 1470, 43 L.Ed.2d 731 (1975). On the other hand, and as the court previously noted in its memorandum and order of February 11, 1977, plaintiff should defer to the state's interpretation of the terms of its air pollution control plan when said interpretation is consistent with the Clean Air Act. As the Supreme Court has noted, a state may determine the "mix of emission limitations" so long as the end result is compliance with national ambient air standards. *Id.* at 79, 95 S.Ct. 1470.

Thus considered, the court is of the opinion that plaintiff's second claimed error is also without merit. The provisions of the Illinois Implementation Air Pollution Plan at issue here were developed by the IPCB and adopted by the Administrator of the Environmental Protection Agency as submitted. *Granite City Steel Co. v. Environmental Protection Agency*, 501 F.2d 925 (7th Cir. 1974). The IPCB should thus be given the opportunity to construct said rules in the first instance particularly when the Administrator apparently adopted them on the basis of the state hearing record. *Id.* Once construed, the issue of vagueness could be avoided or altered considerably in this court.

Finally, plaintiff suggests, again for the first time in its motion for reconsideration, that the order of February 11, 1977, works an irreparable injury and is unwarranted in light of defendant's dilatory conduct leading to the instant proceeding. While the background facts presented by the parties are controverted, it is clear that at least a portion of the delay is a result of matters over which defendant had no control and further that neither party has proceeded with rapidity. It further appears, for the purposes of this motion only, that defendant has not acted in bad faith. Accordingly, the motion for reconsideration cannot be granted on this ground.

For the reasons stated, it is therefore ordered that plaintiff's motion for reconsideration of this court's memorandum and order of February 11, 1977, shall be, and the same is hereby, denied.