Egidio FETTA and Sandra Fetta

v.

SEARS, ROEBUCK AND COMPANY, INCORPORATED.

Civ. A. No. 75-0087.

United States District Court, D. Rhode Island.

Dec. 21, 1977.

**412**

Ralph J. Gonnella, Providence, R. I., for plaintiff.

Thomas Gidley and Thomas Courage, Providence, R. I., for defendant.

OPINION

FRANCIS J. BOYLE, District Judge.

Plaintiffs, Egidio and Sandra Fetta, bring this action against Sears, Roebuck and Company, Incorporated, (hereinafter Sears) for alleged violations of the Truth in Lending Act (hereinafter the Act), 15 U.S.C. § 1601 *et seq.*, and 12 C.F.R. 226. Plaintiffs allege a failure by Sears to disclose the annual percentage rate on its monthly billing statements, and seek statutory damages. Jurisdiction of this Court is invoked pursuant to § 130(e) of the Act, 15 U.S.C. § 1640(e) and 28 U.S.C. § 1337.

Plaintiffs sue on behalf of all Rhode Island Easy Payment Credit Plan customers who received a billing statement during the period between March 25, 1974 and March 25, 1975. Plaintiffs seek to have this case certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Before this suit may proceed as a class action, Plaintiffs have the burden of proving they have satisfied all the prerequisites of Fed.R.Civ.P. 23(a).[1] Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, this Court must find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). The Court holds that the requirements of Rule 23 have been satisfied and this action shall be maintained as a class action.

 The reasons advanced by Sears as mitigating against the propriety of a class

---

1. *Aamco Automatic Transmissions, Inc. v. Tayloe*, 67 F.R.D. 440, 444 (E.D.Pa.1975).

action are unpersuasive, and, indeed, contrary to the law of the majority of jurisdictions which have decided this exact question.

Sears first argues that because of the size of the class and the maximum class award recoverable under the Act, each class member will receive substantially less in damages than if he or she were to proceed individually.[2] Although the exact number of class members has not as yet been determined, there could be approximately 18,563 members in the class.[3] If Plaintiffs' class were to be successful, Defendant contends that each member would recover a maximum award of $5.38 without deduction for costs of notice and other expenses. Based on this *de minimis* recovery by means of the class action mechanism, Sears argues that the representative parties will not "fairly and adequately protect the interests of the class" as required under Fed.R.Civ.P. 23(a)(4). This argument is no longer a valid basis for denying certification as a class action in view of the 1974 Amendment to the Act, Public Law 93–495, Title IV (October 28, 1974) § 408. Prior to this Amendment, the Act provided for a minimum recovery of $100 per individual for statutory damages but had no limit on the total recovery by a class. The 1974 Amendment eliminated the minimum recovery for class actions, and further provided that "the total recovery in such action shall not be more than the lesser of $100,000. or 1 per centum of the net worth of the creditor." 15 U.S.C. § 1640(a)(2)(B) (1974). This has been further amended by the Consumer Leasing Act of 1976, 90 Stat. 260, to provide for the recovery of "the lesser of $500,000. or one per centum." It was not the purpose of this Amendment to discourage large class actions. In fact, the Senate Report on the Consumer Leasing Act of 1976 indicates an awareness of the enforcement policy of class actions and stated that "[t]he Committee wishes to avoid any implication that the ceiling on class action recovery is meant to discourage use of the class action device." Senate Report No. 94–590, 94th Congress, 2d Session 8, reprinted in 1976, U.S.Code Cong. and Admin.News, at 438. Rather, the Amendment was enacted to undo the harshness of a crushing damages award against Defendants, when such an award for a technical violation was unrelated to any real damage to the members of the purported class. *Goldman v. First National Bank of Chicago*, 532 F.2d 10 (7th Cir. 1976).

It was this fear of unfair punishment which persuaded courts in all pre-amendment cases to avoid class certification. *Ratner v. Chemical Bank New York Trust Company*, 54 F.R.D. 412 (S.D.N.Y.1972). Because the recent Amendments to the Act have remedied this unfairness to Defendants, it would be inappropriate for this Court to deny class certification in this instance. As was stated in *Sarafin v. Sears, Roebuck and Company, Incorporated*, 73 F.R.D. 585, 588 (N.D.Ill.1977):

Large classes are typical in Truth in Lending cases, because creditors often have hundreds of thousands of customers within a single jurisdiction. For these creditors the threat of a class action has a potent deterrent effect. Eliminating that deterrent for all large classes would emasculate the enforcement provisions of the Act.

The *Sarafin* case presented identical issues to the instant case, including the same defendant, and involved a potential class of approximately 300,000 members. The court certified the class and held that the class action was the superior method of adjudicating the claims.

Furthermore, any possible disadvantage of a reduced recovery to an individual class member was considered by the *Sarafin* court and found to be remedied by the exclusion process of Fed.R.Civ.P. Rule 23(c)(2). Every potential member must be given notice of a possible reduced recovery,

---

2. The statutory minimum recovery, if a member proceeds individually is $100., and the maximum recovery is $1,000.

3. Defendant's Answers to Plaintiffs' Interrogatories establish this to be the approximate number of customers involved.

and must be afforded the opportunity to pursue his or her individual claim separately from the remainder of the class, a procedure also recognized in *Goldman, supra.*

Additionally, Defendant argues that the present action, if pursued as a class action, would be unmanageable in view of the possible filing of 18,000 counterclaims for each debtor's balance due to Defendant creditor on each individual account. This would allegedly violate Rule 23(b)(3), that is, that common questions of law or fact would not predominate over questions which affect only individual members.

■ The issue is whether these potential counterclaims are compulsory or permissive. If compulsory under Rule 13(a) of the Federal Rules of Civil Procedure, there is federal jurisdiction to hear them, even in the absence of an independent basis for federal jurisdiction. If the counterclaims are permissive, there is no jurisdiction in this Court.

■ In order to be compulsory, the counterclaim must arise out of the same underlying transaction or occurrence giving rise to the claim. This Court is aware that there is some authority which holds that counterclaims for debt-collection are compulsory. *Carter v. Public Finance Corporation*, 73 F.R.D. 488 (N.D.Ala.1977); *Rollins v. Sears, Roebuck and Company, Incorporated*, 71 F.R.D. 540 (E.D.La.1976); *Mims v. Dixie Finance Corporation*, 426 F.Supp. 627 (N.D.Ga.1976). However, the reasoning in those cases which hold such counterclaims to be permissive is more persuasive. *Ball v. Connecticut Bank and Trust*, 404 F.Supp. 1 (D.Conn.1975); *Agostine v. Sidcon Corporation*, 69 F.R.D. 437 (E.D.Pa.1975); *Jones v. Goodyear Tire and Rubber Company*, 73 F.R.D. 577 (E.D.La.1976); *Bantolina v. Aloha Motors, Inc.*, 419 F.Supp. 1116 (D.Hawaii 1976).

■ Taking into account all the factors used by courts in their "logical relation test", this Court holds the counterclaims to be permissive. As was stated in *Agostine, supra*, at 442, "[t]he two claims are distinct in nature; one involves a federal statute, while the other consists of state contract claims." Plaintiffs' claim relates to proof of non-disclosure in a consumer credit transaction under the Act, whereas Sears' counterclaim involves contract principles under state law and requires proof of the existence of a contract and breach thereof. The elements of proof relating to each is radically different. In addition, a determination of Plaintiffs' claim under the Act will not be res judicata to Defendant's state-based action for debt. *Gammons v. Domestic Loans of Winston-Salem, Inc.*, 423 F.Supp. 819 (M.D.N.C.1976).

■ Defendant additionally argues that common questions do not predominate over individual ones because of the need to determine whether or not each individual purchase was made for business or household purposes, since the Act applies only to the latter purposes. Although the difficulties inherent in such a determination are self-evident, this has not been held to be sufficient reason to deny the otherwise advantageous use of the class action mechanism. *Bantolina, supra*, at 1122.

■ The Court concludes that the requirements of Rule 23 have been fully met, and holds that the maintenance of this action as a class action is the superior method of adjudication. Plaintiffs' Motion for Class Certification is granted. Individual notice must be sent to all members of the class who can be identified through reasonable effort. The notice shall advise each member that the Court will exclude him or her from the class if he or she so requests by a specified date; that the judgment, whether favorable or not, will include all members who do not request exclusion; and that any member who does not request exclusion may, if he or she desires, enter an appearance through his or her counsel. Cost of notice shall be borne by Plaintiffs.

Plaintiffs will prepare and present a form of Order consistent with this Opinion.