Patricia P. PERRY, Individually and on
behalf of all other persons similarly
situated, Plaintiff,

v.

BENEFICIAL FINANCE CO. OF
NEW YORK, INC.

No. CIV-77-125.

United States District Court,
W. D. New York.

Jan. 22, 1979.

As Amended Feb. 16, 1979.

Rene H. Reixach, Jr., Monroe County Legal Assistance Corp., Rochester, N. Y., for plaintiff.

Luther C. Nadler, Harris, Beach, Wilcox, Rubin & Levey, Rochester, N. Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

The plaintiff has brought a class action on behalf of herself and others similarly situated pursuant to the Truth in Lending Act ("the TILA"), 15 U.S.C. § 1601 *et seq.*, and its implementing Federal Reserve Board regulations ("Regulation Z") (12 C.F.R. § 226.1 *et seq.*), sections 353 and 358 of New York's Banking Law and section 9–204(4)(b) of New York's Uniform Commercial Code. Defendant Beneficial Finance Co. of New York, Inc. has counterclaimed against plaintiff and certain unnamed class members for alleged loan defaults. Plaintiff moves to dismiss the counterclaims pursuant to Fed.R.Civ.P. rule 12(b)(1), for class action certification of her TILA and pendent state claims pursuant to Fed.R.Civ.P. rule 23, and for a preliminary injunction pursuant to Fed.R.Civ.P. rule 65. Defendant moves for a change of venue pursuant to 28 U.S.C. § 1404(a).

In March 1974 plaintiff and her husband obtained a consumer loan from defendant's Elmira, N. Y. office in the amount of $429.06. Plaintiff's claims arise from alleged insufficiencies in the disclosure statement which defendant provided in connection with the loan transaction. Plaintiff filed her original complaint March 9, 1976 and filed an amended complaint April 4, 1977 which added a class action allegation.

## COUNTERCLAIMS—RULE 13

Plaintiff moves to dismiss the counterclaims against her and certain unnamed class members pursuant to Fed.R.Civ.P. rule 12(b)(1). It is well established that a court has ancillary jurisdiction over compulsory counterclaims. *Moore v. N. Y. Cotton Exchange*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). Plaintiff, however, contends that the instant counterclaims are permissive and must therefore be dismissed in the absence of $10,000 in controversy and either federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Fed.R.Civ.P. rule 13(a) provides that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *." Although courts and commentators have formulated various tests to determine what constitutes the same "transaction or occurrence" (*see*, Wright on Federal Courts, § 79), decisions of the United States Court of Appeals for the Second Circuit have looked to whether there is a logical relationship between the claim and the counterclaim.

In *Harris v. Steinem*, 571 F.2d 119 (2d Cir. 1978), the court noted (*Id.* at 123):

"This flexible approach to Rule 13 problems attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit. * * * Thus, precise identity of issues and evidence between claim and counterclaim is not required. * * Conversely, at some point the essential facts and 'the thrust of the two claims [are] so basically different that such accepted "tests of compulsoriness" as "logical relation" [are] not met . . . .' *Ball v. Connecticut Bank and Trust Co.*, 404 F.Supp. 1, 4 (D.Conn.1975)."

In applying the "logical relationship" test in TILA actions, some courts have held counterclaims for the underlying debt compulsory. *See, e. g., Mims v. Dixie Finance Corp.*, 426 F.Supp. 627 (N.D.Ga.1976) (*en banc*), rev'g *Roberts v. National School of Radio & Television Broadcasting*, 374 F.Supp. 1266 (N.D.Ga.1974). Other courts, however, have concluded that, while the claim and counterclaim arise out of the same general loan transaction, the thrust of the two claims is so basically different that the test of compulsoriness as a logical rela-

tionship is not met. *Ball v. Connecticut Bank and Trust Co.*, supra (quoting from *Roberts v. National School of Radio & Television Broadcasting*, supra, at 1270–71); *Meadows v. Charlie Wood, Inc.*, 448 F.Supp. 717 (M.D.Ga.1978); *Parr v. Thorpe Credit, Inc.*, 73 F.R.D. 127 (S.D.Ia.1977); *Gammons v. Domestic Loans of Winston-Salem, Inc.*, 423 F.Supp. 819 (M.D.N.C.1976); *Zeltzer v. Carte Blanche Corp.*, 414 F.Supp. 1221 (W.D.Pa.1976); *Jones v. Goodyear Tire & Rubber Co.*, 73 F.R.D. 577 (E.D.La.1976); *Agostine v. Sidcon Corporation*, 69 F.R.D. 437 (E.D.Pa.1975).

In the instant action, the claim and counterclaims arise out of the same general loan transactions but involve distinct legal and factual issues.[1] Moreover, if plaintiff proves that defendant's disclosure statements violated the TILA and Regulation Z, such finding will not affect the validity of the underlying loan contracts. Thus, I find that there is no logical relationship between the claim and counterclaims and that such counterclaims are therefore permissive. Inasmuch as the counterclaims are not grounded upon any independent jurisdictional basis, plaintiff's motion to dismiss the counterclaims asserted against the unnamed class members is hereby granted.

On the other hand, plaintiff's motion to dismiss the counterclaim asserted against her individually must be denied in that I find a logical relationship between her pendent state claim and such counterclaim.[2] Section 353 of the Banking Law requires that licensed lenders supply borrowers with statements containing "all items required to be disclosed by [the TILA] and the regulations thereunder * * *." Section 358 provides that any contract not accompanied by such disclosure statement "shall be void

---

1. The TILA claim is grounded upon the TILA and its remedial federal policy (15 U.S.C. § 1601), whereas the counterclaims are grounded upon principles of state contract law. Proof of the TILA claim centers on the sufficiency of defendant's disclosure statements, whereas proof of the counterclaims is limited to the validity of the loan contracts and alleged repayment defaults.

2. As noted hereinafter, this court declines to exercise pendent jurisdiction over plaintiff's state law class action claim and plaintiff's motion for class action certification of such claim is denied.

and the lender shall have no right to collect or receive any principal, interest, or charges whatsoever." Inasmuch as a finding that defendant violated sections 353 and 358 will render the unpaid portion of plaintiff's debt uncollectible, the claim and counterclaim for the debt are "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem, supra,* at 123. Thus, I find that the counterclaim against the named plaintiff is compulsory and that this court has ancillary jurisdiction over said counterclaim.

## CLASS ACTION CERTIFICATION— RULE 23

Plaintiff seeks to represent a class comprised of all persons to whom defendant made loans during the period from March 22, 1976 through April 18, 1976, alleging that defendant utilized the allegedly deficient disclosure statement provided plaintiff in all its loan transactions during such period of time. She asserts that the TILA claim may be certified under Fed.R.Civ.P. rule 23(b)(3) and that the pendent state claim may be certified under rule 23(b)(2).

### I. TILA CLAIM

■ Initially courts were reluctant to certify TILA suits as class actions. As originally enacted, the TILA provided that a prevailing party recovered twice the amount of finance charges imposed upon the loan, with the plaintiff recovering a minimum of $100 and a maximum of $1,000 together with costs and attorney's fees. *See,* 15 U.S.C. § 1640(a)(2)(A). Courts denied motions for class certification, finding that class actions would provide little additional incentive for remedying TILA violations and that class recoveries for technical violations would result in egregious harm to defendant lenders. *See, e. g., Ratner v. Chemical Bank New York Trust Company,* 54 F.R.D. 412 (S.D.N.Y.1972). In 1974, Congress amended the TILA and fixed a maximum limit on class recoveries. Section 1640(a)(2)(B) of Title 15 of the United States Code provides that class recovery is

limited to the lesser of $500,000 or 1 per centum of the net worth of the creditor. While the section was intended to guarantee the availability of class actions in TILA suits, it does not obviate plaintiff's traditional burden under rule 23(a) and (b). *See, DeMarco v. Edens,* 390 F.2d 836 (2d Cir. 1968).

■ In the instant action, plaintiff must demonstrate that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims of plaintiff are typical of the claims of the class and that (4) the plaintiff will fairly and adequately protect the interests of the class. Fed.R.Civ.P. rule 23(a). In addition, plaintiff must show that common questions of both law and fact predominate over any questions affecting only individual members and that a class action is superior to other available means for the fair and efficient adjudication of the controversy. Fed. R.Civ.P. rule 23(b)(3). Defendant contends that a portion of the class claims is barred by the applicable one-year statute of limitations and that plaintiff has not met her burden under rule 23(a) and (b).

■ Section 1640(e) of Title 15 of the United States Code requires that a TILA action must be brought within one year of the occurrence of the alleged violation. As noted previously, plaintiff filed an amended complaint April 4, 1977 which added the class action allegation. Inasmuch as plaintiff alleges that TILA violations occurred at the times defendant made loans to class members, the claims of class members who obtained loans prior to April 4, 1976 are barred by section 1640(e) unless the amended complaint relates back to the date of the original complaint (March 9, 1977).

An amendment relates back to the date of the original pleading "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading * *." Fed.R.Civ.P. rule 15(c). While the class allegations arguably arose out of the conduct set forth in the original complaint, the

United States Court of Appeals for the Second Circuit has more strictly interpreted rule 15(c) in regard to such amendments. In *Arneil v. Ramsey,* 550 F.2d 774 (2d Cir. 1977), the court held that an amended complaint which broadened the definition of the proposed class did not relate back to the date of the original complaint. The court explained its rationale, stating (*id.,* at 782–83):

"Relation back, at least on the facts of this case, would not accord with one of the rationales of [*American Pipe & Construction Co. v. Utah,* 414 U.S. 538 [94 S.Ct. 756, 38 L.d.2d 713] (1974)], that commencement of the class action adequately notifies the defendants 'not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment. Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation * * *.' 414 U.S. at 554–555, 94 S.Ct. at 767."

Though the facts of the instant case are distinguishable from those in *Arneil,* the court's rationale is directive of the end result of my consideration herein. Inasmuch as defendant did not have notice of the size of the prospective litigation until April 4, 1977 and after the statute of limitations had run as to about half of the proposed class, the amended complaint does not relate back to the date of the original pleading. Thus, the proposed class must be limited to those individuals who obtained loans from defendant between April 4, 1976 and April 18, 1976.

Turning to rule 23(a)'s class action prerequisites, defendant concedes that plaintiff has demonstrated numerosity, commonality and typicality. Fed.R.Civ.P. rule 23(a)(1)–(3). Through an examination of defendant's corporate records, plaintiff originally estimated the class size as 10,000 individuals. While the class size must be limited, as noted above, the numerosity requirement of rule 23(a)(1) has clearly been satisfied in that over 5,000 members remain within the revised class. In addition, I find that there are questions of law or fact common to the class and that plaintiff's claim is typical of those of the class. Fed.R.Civ.P. rule 23(a)(2) & (3).

█ Defendant, however, argues that plaintiff has not demonstrated that she will fairly and adequately represent the interests of the class. Fed.R.Civ.P. rule 23(a)(4). In order to satisfy the requirements of rule 23(a)(4), plaintiff must show that (1) her attorney is qualified, experienced and generally able to conduct the proposed litigation and that (2) her interests are not antagonistic to those of the remainder of the class. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), and *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555 (2d Cir. 1968). Defendant apparently concedes that plaintiff's attorney is qualified and experienced, but contends that plaintiff's interests are antagonistic to those of the remainder of the class.

Defendant's argument arises from the disparity between plaintiff's potential recovery as an individual and the respective potential recoveries of other class members. As previously noted, an individual plaintiff may recover twice the amount of any finance charges, but not less than $100 and not more than $1,000, whereas class members as a class may recover the lesser of $500,000 or 1 per centum of the net worth of the creditor. 15 U.S.C. § 1640(a)(2)(A) & (B).[3] Defendant argues that section 1640(a)(2) creates an inherent conflict of interest between plaintiff and the other members of the class in that plaintiff's individual recovery would exceed the recovery of each class member who must accept a pro rata share of the class recovery.

---

3. Section 1640(a) also provides:

"In determining the amount of any award in a class action, the court shall consider, among other relevant factors, the amount of any actual damages awarded, the frequency and persist- ence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional."

■ While section 1640(a)(2) is silent on this issue, it is clear that a named plaintiff must waive the right to individual recovery in order to bring a class action under the TILA. *See, Goldman v. First National Bank,* 532 F.2d 10 (7th Cir.), *cert. denied,* 429 U.S. 870, 97 S.Ct. 183, 50 L.Ed.2d 150 (1976). Where the plaintiff denominates a TILA suit as a class action but asserts that the primary purpose of the action is to redress an individual wrong and insists on the individual recovery set forth in section 1640(a)(2)(A), plaintiff's interests are antagonistic to those of the class and class certification must be denied. *McCoy v. Salem Mtg. Co.,* 74 F.R.D. 8 (E.D.Mich.1976); *Weathersby v. Fireside Thrift Co.,* CCH Consumer Credit Guide ¶ 98,640 (N.D.Cal. 1975). However, where, as here, the plaintiff indicates by her motion for class action certification an intent to waive the individual recovery and accept a pro rata share of the class recovery set forth in section 1640(a)(2)(B), the plaintiff's interests are coextensive with those of the class and the suit can be certified as a class action, providing the other requirements of rule 23(a) and (b) are satisfied. *Sarafin v. Sears, Roebuck & Co., Inc.,* 73 F.R.D. 585 (N.D.Ill. 1977); *Bantolina v. Aloha Motors, Inc.,* 419 F.Supp. 1116 (D.Hawaii 1976); *Agostine v. Sidcon Corporation, supra; Rollins v. Sears, Roebuck & Co.,* 71 F.R.D. 540 (E.D.La.1976). Thus, I find no conflict of interest between plaintiff and the other class members and I find plaintiff has met her burden under rule 23(a)(4).

■ Having found that plaintiff has satisfied the prerequisites for a class action under rule 23(a), this court must determine whether plaintiff has met her burden under rule 23(b)(3). Defendant asserts that common questions of law and fact do not predominate and that a class action is not superior to other available means for adjudicating the action herein. Defendant argues that commonality is destroyed by the presence of some loans which were made for business or commercial purposes, such loans being expressly excluded from the TILA. 15 U.S.C. § 1603(1). Several courts have agreed with defendant's contention that the presence of commercial loans among those made to the proposed class destroys commonality. *Zeltzer v. Carte Blanche Corp., supra; Berkman v. Sinclair Oil Corporation,* 59 F.R.D. 602, (N.D.Ill.1973); *Rodriguez v. Family Publications Service, Inc.,* 57 F.R.D. 189 (C.D.Cal. 1972). In TILA actions involving loans which are ordinarily used for both consumer and commercial purposes (such as those cases involving credit cards), commonality may be destroyed by the presence of commercial loans. In such actions, courts must examine each transaction to discern whether it is a consumer transaction and therefore governed by the TILA.

The instant action, however, is brought by a plaintiff who obtained a consumer loan for the purchase of household furniture. Moreover, defendant is a lender who loans money at interest rates substantially higher than those offered by area banks and to lenders who often cannot obtain credit elsewhere. Thus, there is the substantial likelihood that most of the loans herein were for consumer purposes. *See, Rollins v. Sears, Roebuck & Co., supra.* While I do not question defendant's bare assertion that "a number of the loans to the proposed class were in all likelihood for commercial purposes" (Defendant's Brief at 33), commonality is preserved by limiting the definition of the class to those persons who obtained consumer loans. In addition, this court can require class members to supply documentation of the nature of their loans as a condition to sharing in any class recovery. *See, Clausen v. Beneficial Finance Co. of Berkeley,* 432 F.Supp. 985 (N.D.Cal.1976).

Moreover, it is clear that common questions of law and fact predominate over individual questions. The common question of fact is whether all the class members received the same disclosure statement, an allegation which defendant apparently concedes. The common question of law is whether such disclosure statement violated the provisions of the TILA and Regulation Z. *Rollins v. Sears, Roebuck & Co., supra.*

Finally, defendant presents a number of arguments in support of its contention that

a class action is not superior to other available means of adjudicating the controversy. First, defendant argues that a class action is unnecessary since plaintiff has sufficient incentive to remedy her alleged individual wrong and the class action will have no deterrent effect inasmuch as the disclosure statement in controversy has long ago been revised. The gravamen of defendant's argument is that a class action may result in a large class recovery which is disproportionate to harm incurred by the class members. As previously noted, the 1974 amendments to the TILA strike an equitable balance between encouraging class actions and limiting class recovery so as to preclude the possibility of egregious harm to defendant lenders (15 U.S.C. § 1640(a)(2)(B)) and render defendant's argument untenable.

Second, defendant asserts that class certification will provide an incentive for class members to default on loan payments. Such harm to defendant can be averted through the inclusion of a statement in the notice to class members that the TILA action does not affect their obligations under the loan contracts.

 Finally, defendant argues that the identities of a substantial number of the class members, perhaps as great as seventy-five percent, are not readily available from defendant's computer records, and therefore a class action would be unmanageable. *Malby v. General Electric Credit Corp.,* 61 F.R.D. 59 (N.D.Ohio 1973). While the existence of class members who are not readily identifiable presents management problems, such problems are not insurmountable. This court may tailor the form of notification to the class under rule 23(c)(2) to accommodate such class members and may fashion an appropriate class recovery if plaintiff prevails on the merits. *See, generally,* 89 Harv.L.Rev. 1516 *et seq.* Thus, I find that a class action is superior to other available means of adjudicating the instant controversy and that plaintiff's motion for class certification of her TILA claim should

be granted. Such class shall be composed of all persons who obtained consumer loans from defendant during the period of April 4, 1976 through April 18, 1976.

## PENDENT STATE CLAIM

As noted previously, plaintiff seeks class certification of her claim under New York's Banking Law §§ 353 and 358 pursuant to Fed.R.Civ.P. rule 23(b)(2). Defendant urges that, while this court has pendent jurisdiction of plaintiff's individual state law claim, this court lacks pendent jurisdiction of the class claims.[4]

 It is well established that a federal court is empowered to hear and determine a state law claim which lacks independent jurisdictional basis when the state and federal claims derive from a "common nucleus of operative fact" and are such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mineworkers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). However, even where, as here, such power exists, "[i]t has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Id.,* at 726, 86 S.Ct. at 1139. In the instant action, the exercise of pendent jurisdiction over the state class claims presents anomalies which run counter to both state and federal policies.

 First, it is unclear whether New York courts would certify a claim under sections 353 and 358 as a class action. Section 901(b) of New York's Civil Practice Law and Rules prohibits class actions to recover penalties or minimum measures of recovery unless such statutes expressly authorize class actions. While the New York courts have not considered this issue, the remedy provided by section 358 is in the nature of a statutory penalty *(see, Public Loan Inc. v. Hyde,* 63 A.D.2d 193, 406 N.Y. S.2d 907, 909 (3d Dept. 1978)) and the statute does not authorize class actions. Thus,

4. Defendant also argues that the pendent state claim cannot be certified under rule 23(b)(2) because plaintiff primarily seeks monetary relief. As hereinafter set forth, I need not reach the merits of such contention.

principles of comity would be overturned were I to grant plaintiff's motion for class certification where such class treatment would probably be foreclosed in the state forum. *See, Wesley v. John Mullin & Sons, Inc.,* 444 F.Supp. 117 (E.D.N.Y.1978).

Second, the TILA (15 U.S.C. § 1640(a)(2)(B)) expressly limits class recovery to $500,000 or 1 per centum of the net worth of the creditor. On the other hand, the invalidation of outstanding loans pursuant to section 358 would be equivalent to a much larger class recovery. The incongruity of such a sizable class recovery flies in the face of the federal policy which led to the enactment of section 1640(a)(2)(B). Moreover, in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the Supreme Court held that parties excluded from liability under 42 U.S.C. § 1983 cannot be brought within the jurisdiction of federal courts merely because the facts give rise to a state cause of action. While the facts of the action herein are distinguishable, the implication of *Aldinger* is that the reach of pendent jurisdiction should be construed in light of the scope of the federal cause of action to which the state claim is appended. If this court is empowered to entertain the state class action, I decline to exercise such pendent jurisdiction in view of the countervailing state and federal policies which limit the availability and amount of class relief. Thus, plaintiff's motion for class certification of the pendent state claim is hereby denied.[5]

## PRELIMINARY INJUNCTION

Plaintiff seeks to enjoin preliminarily defendant from collecting payments on the outstanding loans of plaintiff and certain unnamed class members. Plaintiff alleges that New York's Banking Law § 358 does not authorize recovery of voluntary loan payments and that continued collection of such payments will foreclose any state law remedy. *Conrad v. Beneficial Finance Co.,* 57 A.D.2d 91, 394 N.Y.S.2d 923 (4th Dept. 1977).

A preliminary injunction may not be granted unless the moving party demonstrates "possible irreparable injury *and* either (1) probable success on the merits *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward the party requesting preliminary relief." *Caulfield v. Board of Education,* 583 F.2d 605, 610 (2d Cir. 1978).

A review of plaintiff's arguments reveals that plaintiff has failed to demonstrate that either she or the class members will suffer any irreparable harm. The TILA claims asserted by plaintiff and class members are wholly unrelated to questions regarding the validity of the loan contracts and the collection of outstanding loans has no effect upon the availability of the TILA redmedy. Furthermore, plaintiff has long ago ceased making voluntary loan payments to defendant. The validity of said loan contract is before this court and therefore plaintiff is assured of the availability of her state law remedy under section 358. Therefore, plaintiff's motion for a preliminary injunction is being denied.

## CHANGE OF VENUE

Defendant has erroneously moved for a change of venue to the Honorable Harold P. Burke, a judge of this court who presides in Rochester, N. Y. Section 1404(a) of Title 28 of the United States Code permits a change of venue to any *other* district or division where the action might have been brought. The Western District of New York is not divided into divisions, but is a single court with three district judges presiding. Thus, defendant's motion for change of venue is inappropriate and is hereby denied.

---

5. *See, also, Almenares v. Wyman,* 453 F.2d 1075 (2d Cir. 1975), wherein the court noted:

"With respect to a class action under F.R. Civ.P. 23(b)(3), where damages or some other relief requiring examination of collateral facts is required, it could well be an abuse of a trial court's discretion to utilize the principle of pendent jurisdiction to include class claims not otherwise assertable in a federal court, even though they arise from the same nucleus of operative facts as the primary claim." *Id.,* at 1085-86.

It is therefore hereby

ORDERED that plaintiff's motion to dismiss the counterclaims asserted against unnamed class members is granted, whereas plaintiff's motion to dismiss the counterclaim asserted against her individually is denied; and it is further

ORDERED that plaintiff's motion for class certification of the TILA claim is granted, with such class comprised of all persons who obtained consumer loans from Beneficial Finance Co. of New York, Inc. during the period of April 4, 1976 through April 18, 1976, and who received the same form of Statement of Disclosure as plaintiff, and that the parties shall file with this court a proposed form of notice pursuant to Fed.R.Civ.P. rule 23(c)(2) within 20 days of the entry of this Order; and it is further

ORDERED that plaintiff's motions for class certification of the pendent state law claim under New York's Banking Law §§ 353 and 358 and for a preliminary injunction are denied; and it is further

ORDERED that defendant's motion for change of venue is denied.