**Georgene PASKULY, Plaintiff,**

v.

**MARSHALL FIELD & COMPANY, Defendant.**

**No. 78 C 2528.**

United States District Court, N. D. Illinois, E. D.

June 18, 1980.

Marshall Patner, Chicago, Ill., for plaintiff.

Larry Johnson, Chicago, Ill., for defendant.

MEMORANDUM OPINION

MAROVITZ, District Judge.

*Motion To Strike And Dismiss*

Plaintiff Georgene Paskuly brings this action against her employer, defendant Marshall Field & Company, alleging that defendant has discriminated against her because of her sex. Plaintiff originally commenced this action in an individual capacity on June 23, 1978. On October 25, 1979, plaintiff filed her amended complaint seeking to transform this action into a class action on behalf of all similarly situated female employees of defendant. Plaintiff's amended complaint alleges, *inter alia*, that

defendant's employment practices with respect to job assignments, wages, training, promotion, transfer, discharge, and layoff discriminate against women employees. Plaintiff asserts claims under 42 U.S.C. § 2000e (Title VII) and 42 U.S.C. § 1981. Plaintiff seeks declaratory, injunctive, and monetary relief. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343.

Pending before the Court is defendant's motion to strike certain portions of plaintiff's amended complaint. More specifically, defendant requests the Court to strike plaintiff's class allegations, her section 1981 claim, her claim based upon defendant's alleged failure to adopt an affirmative action program with respect to women, and her claim as to defendant's alleged wrongful layoff and discharge practices. For the reasons set forth below, the Court denies defendant's motion insofar as it seeks to have stricken plaintiff's class allegations and grants defendant's motion as to plaintiff's section 1981 claim. Because plaintiff has yet to have an opportunity to respond to defendant's other arguments, the Court does not today reach those arguments.

The Court turns first to the class action issue. Defendant argues that because plaintiff failed to make her class allegations within 90 days of her receipt of her right to sue letter from the Equal Employment Opportunity Commission (EEOC), plaintiff's class allegations are untimely. Further, defendant argues that the class allegations of plaintiff's amended complaint should not relate back, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, to the time plaintiff filed her original complaint.

■ The relevant time limitations with respect to the assertion of a claim under Title VII require that a claimant must file his claim with the EEOC within 180 days of the alleged discrimination and that the claimant's civil action must be brought within 90 days of his receipt from the EEOC of a right to sue letter. 42 U.S.C. §§ 2000e–5(a), (e). These time limitations are characterized as jurisdictional, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792,

798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973); however, they are intended to serve the same purpose as a statute of limitation. *See Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 720 (7th Cir. 1969). Specifically, Title VII's time limitations are designed to grant employers notice of any alleged violations before relevant evidence becomes stale. *E. g., id.*

Rule 15(c) contains a general requirement that amendments to pleadings will relate back to the date of the original filing only when the claim asserted in the amended pleading arises out of the same set of facts as did the original claim. Further, Rule 15(c) establishes certain additional requirements pertaining to notice which must be met before an amendment changing or adding defendants will relate back. Fed.R. Civ.P. 15(c). Although Rule 15(c) does not explicitly address the relation back questions which arise when an amendment substitutes or adds plaintiffs, it is clear that the considerations established in the rule were intended to apply to such amendments. Adv.Comm.Note, *reprinted in* 39 F.R.D. 69, 84. The central underlying question which a court must decide when determining whether a claim asserted by a new plaintiff shall relate back to the time of the original plaintiff's claim is whether the defendant had such notice of the added claim at the time the action was commenced that relation back of the added claim will not cause defendant undue prejudice. *See Staren v. American National Bank & Trust Company of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976); *Unilever (Raw Materials) Ltd. v. M/T Stolt Boel*, 77 F.R.D. 384, 390 (S.D.N.Y.1977). In so doing, the Court should remain mindful that the federal rules are to be accorded a liberal interpretation. *Staren v. American National Bank & Trust Company of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976).

■ In the instant case, since the claims of the class which plaintiff seeks to bring into this action are alleged to arise from the same employment practices from which plaintiff's claim allegedly arises, the Court finds that the amendment adding the class

claims satisfies the common factual requirement of Rule 15(c). *See Romasanta v. United Airlines, Inc.*, 537 F.2d 915, 919 (7th Cir. 1976), *aff'd, United Airlines, Inc. v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 52 L.Ed.2d 423 (1977). As to Rule 15(c)'s additional notice considerations, the Court prefatorially notes that it is rare that an amendment will relate back which adds plaintiffs who are total strangers to the lawsuit. *E. g., Perry v. Beneficial Finance Co.*, 81 F.R.D. 490, 494 (W.D.N.Y.1979); *Herm v. Stafford*, 455 F.Supp. 650 (W.D.Ky. 1978); 3 *Moore's Federal Practice*, ¶ 15.-15[4.–2]. However, the particular facts of this case coupled with the nature of the Title VII remedy causes the Court to carve out an exception to that general rule in the instant case.

The policies underlying Title VII strongly favor the bringing of class actions. *Bowe v. Colgate-Palmolive Co.*, 416 F.2d at 719; *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 498 (5th Cir. 1968). Title VII is primarily designed to eradicate discrimination of a class-wide character, and the Courts have recognized that this goal may often be best achieved by way of a class action. *Bowe v. Colgate-Palmolive Co.*, 416 F.2d at 719. In this connection, Title VII is also designed to facilitate equal treatment among the class members. *Romansanta v. United Airlines, Inc.*, 537 F.2d at 918. Therefore, the courts have adopted a rule which provides that once a single Title VII class member has timely filed charges with the EEOC, he may subsequently bring a class action without the other members of the class having instituted a grievance with the EEOC. *Bowe v. Colgate-Palmolive Co.*, 416 F.2d at 720. Moreover, this Circuit has held that an EEOC filing by a single class member grants the adverse party sufficient notice of the possibility of a class action that the statute of limitation for the entire class is thereby tolled. *Romansanta v. United Airlines, Inc.*, 537 F.2d at 918 n. 6. The rationale for the rule is that when an individual lodges an EEOC claim which asserts a grievance common to the class to which he belongs, the adverse party can not fairly complain of surprise when a class action is subsequently instituted. *Bowe v. Colgate-Palmolive Co.*, 416 F.2d at 720. The problem presented herein is while defendant was fairly put on notice of the possibility of a class-wide action when plaintiff filed her charges with the EEOC, defendant was "put off" notice of the possibility of such an action when plaintiff instituted this action in an individual capacity.

As stated above, however, the facts of this case coupled with the important policies of Title VII lead this Court to the conclusion that plaintiff's class claims should relate back to the time of the filing of her original complaint. *See Mays v. Motorola, Inc.*, 14 EPD ¶ 7676 (N.D.Ill.1977). First, the Court notes that defendant has not convincingly asserted any specific prejudice which it will suffer if the Court permits plaintiff's class claims to relate back. Further, although once plaintiff initially commenced this action defendant was no longer on notice that it would have to defend itself in a class action, the allegations of the original complaint nevertheless apprised defendant that it would have to defend its employment practices from charges of broad-ranging class-based discrimination. The primary purpose of statutes of limitation is to protect parties from the prejudice caused by the loss of evidence due to the passage of time. *E. g., United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259, 48 U.S.L.W. 4030, 4032 (1979). Plaintiff's original complaint challenges defendant's transfer, promotion, wage, job assignments, and training policies on the ground that they discriminate against plaintiff and other female employees of defendant. Hence, it can not reasonably be said that defendant would be prejudiced by the relation back of plaintiff's class allegations since precisely the same evidence which defendant would be required to marshall in its defense of plaintiff's class claims, defendant should have been preserving in order to defend itself against plaintiff's individual claim.

Moreover, it is likely that the relation back of plaintiff's class allegations will only slightly affect the size of the putative class.

Plaintiff alleges that defendant's discriminatory practices are of a continuing nature. Therefore, as a result of the relation back of plaintiff's class allegations the size of the putative class will only swell by the number of class members who left defendant's employ during the period from the date of plaintiff's EEOC filing until 180 days prior to the entry of this order. It is only as to this group that relation back will cause Title VII's time-bar to be lifted. Any Title VII claim of those females currently employed with defendant or who have left defendant's employ within the last 180 days remains viable irrespective of the Court's ruling today. Finally, the Court notes that discovery has been stayed in this action since early 1979. Indeed, to date there has been little discovery in this action. Therefore, the transformation of this action to a class action will not cause this action to be unduly delayed. *Cf. King v. Motor Freight Express, Inc.*, No. 78 C 4133 (N.D.Ill., March 18, 1980) (memorandum opinion denying leave to amend Title VII action to assert class claims because individual action was ripe for trial).

Accordingly, the Court hereby denies defendant's motion insofar as it seeks to have stricken plaintiff's class allegations. Of course, however, the Court in no way intimates any opinion as to the merits of plaintiff's request for class certification. Briefing of that motion shall proceed pursuant to Local Rule 13 as of the date of this memorandum opinion.

■ With respect to plaintiff's claim under 42 U.S.C. § 1981, defendant correctly points out, and plaintiff now concedes, Plaintiff's Sur-Reply Brief p. 3 n. 1, that that section may not be invoked to remedy sex discrimination. *E. g., Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968, 971 (10th Cir. 1979). Accordingly, plaintiff's section 1981 claim is hereby stricken from her amended complaint. As to defendant's contentions with respect to plaintiff's layoff, discharge, and affirmative action claims, the Court hereby orders plaintiff to file her response brief and defendant its reply brief pursuant to Local Rule 13.