Dianna **PARIZO**

v.

**TOYOTA MOTOR SALES, U.S.A., INC., et al.**

**Civ. No. N–80–42 (PCD).**

United States District Court, D. Connecticut.

Nov. 10, 1983.

---

Augustus R. Southworth, III, Gager, Henry & Narkis, Waterbury, Conn., for plaintiff.

Gerald S. Sack, Howd & Ludorf, Hartford, Conn., for Toyota Motor Sales.

Salvatore V. Vitrano, Ruggiero, Vitrano & Ziogas, Bristol, Conn., for Century Toyota.

John A. Barbieri, New Britain, Conn., for New Britain Nat. Bank.

## RULING ON PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S RECOMMENDED RULINGS

DORSEY, District Judge.

Recommended rulings, dated October 13, 1983, dismissed all claims against the defendant importer Toyota Motor Sales, U.S.A., Inc. (Toyota) and all but truth-in-lending claims against the defendant Century Toyota, Inc. (Century) in this suit stemming from the alleged sale of and failure to repair a defective vehicle. For the reasons set forth below, plaintiff's timely objections to these rulings, pursuant to Rule 2, Rules for United States Magistrates (D.Conn.), are without merit and the recommended rulings are hereby adopted.

 Plaintiff contends that the magistrate erred in not recommending the exercise of pendent jurisdiction over the various state law claims involving both defendants, after having found federal jurisdiction over the truth-in-lending claims as to defendant Century. Although properly noting that the exercise of pendent jurisdiction over state law claims is a matter of discretion, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), plaintiff has not—beyond a passing reference in an earlier memorandum opposing the motion to dismiss—mentioned nor endeavored to distinguish the cases cited by the magistrate in which this court has called for a cautious exercise of its discretion in truth-in-lending cases. *See, e.g.,*

*Ball v. CBT,* 404 F.Supp. 1 (D.Conn.1975); *Solevo v. Aldens, Inc.,* 395 F.Supp. 861 (D.Conn.1975).

Upon review of the authorities and the record in this case, the court concurs that no special circumstances warrant appending state claims against Century or Toyota to the federal truth-in-lending claim which solely involves Century. *See Solevo, supra* at 864. It is neither in the interests of judicial economy nor consistent with *Gibbs, supra,* that this court be burdened with a constellation of basically state law claims only tangentially related to the federal truth-in-lending claim. As the court noted in *Solevo, supra* at 864, "[p]laintiffs who wish to bring all their claims in a single forum may take advantage of the provision for concurrent jurisdiction in 15 U.S.C. § 1640(e) by pursuing those claims in a state court."

The magistrate's rulings are adopted.

SO ORDERED.